

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

ROGELIO BOLUFE IZQUIERDO,            )
A# 219 968 226,                      )
by and through his Next Friend,      )
HAYMEL DE LA VEGA,                   )     CIVIL No._____
Plaintiff,                           )
                                           2:25-CV-1220
v.                                   )
                                           KCD-NPM
CORECIVIC, INC.;                     )
TORRANCE COUNTY DETENTION CENTER;    )
TORRANCE COUNTY;                     )
ALLIGATOR ALCATRAZ (facility operators and agents); )
JOHN/JANE DOES 1–50,                 )
Defendants.

---

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**(Declaratory, Injunctive, and Other Relief)**

**(Jury Trial Demanded)**

---

## I. INTRODUCTION

1. This is a civil rights action arising from **systematic obstruction of legal mail**, **denial of access to the courts**, **religious interference**, **retaliation**, and **due process violations** committed by Defendants in connection with the detention of **Rogelio Bolufe Izquierdo**, an ICE detainee.
2. Plaintiff brings this action **by and through his Next Friend, Haymel de la Vega**, because Plaintiff is **detained**, **unable to reliably send or receive legal mail**, and **prevented from signing and filing pleadings** due to Defendants' ongoing interference.
3. Defendants' conduct has caused **irreparable harm**, including missed deadlines, compromised confidentiality, and the effective suspension of Plaintiff's constitutional rights.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**, and **42 U.S.C. § 1983**, because this action arises under the Constitution and laws of the United States.
5. Venue is proper in this District under **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to these claims occurred in **Florida**, including conduct connected to **Alligator Alcatraz**, and because Defendants conduct business and exercise control affecting detainees and litigation in this District.

## III. PARTIES

6. **Plaintiff Rogelio Bolufe Izquierdo** is an ICE detainee, A# 219 968 226, currently held at Torrance County Detention Center.
7. **Next Friend Haymel de la Vega** is Plaintiff's romantic partner and brings this action solely to protect Plaintiff's constitutional access to the courts where Plaintiff is unable to do so himself.
8. **Defendant CoreCivic, Inc.** is a private prison contractor operating detention facilities and acting under color of state and federal law.
9. **Defendant Torrance County Detention Center** is a detention facility involved in the complained-of conduct.
10. **Defendant Torrance County** is responsible for policies, contracts, and oversight.
11. **Defendant Alligator Alcatraz** refers to the Florida facility and its operators/agents involved in the conduct described.
12. **John/Jane Does 1–50** are unknown officials, employees, and agents who participated in or authorized the violations.

## IV. PRIOR RELATED PROCEEDINGS

13. While detained and without reliable legal mail, Plaintiff previously attempted to litigate these claims **pro se**.
14. A civil complaint was **accepted by the U.S. District Court for the Southern District of Indiana** and **transferred to the Middle District of Florida**.
15. Due to venue transfer, procedural limitations, and continued obstruction of legal mail, the transferred case was **closed without prejudice**.
16. Plaintiff now **refiles** with proper venue, additional evidence, and **Next Friend assistance**.

## V. FACTUAL ALLEGATIONS

2

### A. Blocking and Withholding of Legal Mail

17. Defendants blocked and withheld Plaintiff's legal mail, including **emergency motions**, "pending authorization," despite receipt.
18. Legal mail sent via Priority Mail was **not delivered, not acknowledged**, and **tracking information was refused**.

### B. Interference with Habeas and Confidential Materials

19. Plaintiff's **Habeas Corpus** materials and asylum-related documents were withheld.
20. Legal correspondence was delivered **already opened**, in front of witnesses, violating confidentiality.

### C. Denial of Access to Courts (Systemic)

21. The detained population was broadly prevented from filing **appeals, habeas petitions, and motions**, reducing detainees to awaiting deportation without recourse.

### D. Religious Interference and Retaliation

22. Officers interrupted Christian services; when detainees complained, officials **threatened separation** and dismissed detainee rights because the facility was "private."

### E. Unsafe Conditions and Medical Neglect

23. Detainees suffered injuries from **hazardous conditions** (e.g., water leaks, slippery sandals) and **dangerous objects**, with delayed or denied care.

### F. Operation Without Valid Contract

24. Defendants continued operating and receiving detainees **after contract expiration**, raising grave due process concerns.

# VI. CAUSES OF ACTION

### COUNT I – Denial of Access to Courts (First & Fifth Amendments)

25. Defendants intentionally obstructed legal mail and filings, causing actual injury.

### COUNT II – Violation of Legal Mail Confidentiality (First & Fifth Amendments)

26. Opening and reviewing legal mail violated confidentiality and chilled protected activity.

3

### COUNT III – Retaliation (First Amendment)

27. Threats and adverse actions followed protected complaints and religious activity.

### COUNT IV – Free Exercise of Religion (First Amendment)

28. Interruption of worship and threats constituted unlawful interference.

### COUNT V – Due Process (Fifth Amendment)

29. Operation without valid authority, obstruction of habeas, and systemic denial of remedies violated due process.

### COUNT VI – Monell / Policy and Practice Liability

30. Violations resulted from policies, customs, or deliberate indifference by Defendants.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests:

A. **Declaratory relief** that Defendants' conduct violates the Constitution;
B. **Preliminary and permanent injunctive relief** restoring legal mail and prohibiting retaliation;
C. **Preservation of evidence** (mail logs, surveillance, policies);
D. **Compensatory and punitive damages** as allowed by law;
E. **Costs and fees** under 42 U.S.C. § 1988;
F. **Any further relief** the Court deems just.

## VIII. JURY DEMAND

Plaintiff demands a **trial by jury** on all issues so triable.

## IX. SIGNATURE (NEXT FRIEND)

Because Plaintiff is detained and his legal mail is obstructed, **this Complaint is signed by his Next Friend.**

4

Executed on __12/22__, 2025.

**HAYMEL DE LA VEGA**
Next Friend for Rogelio Bolufe Izquierdo
[Address]
[City, State, ZIP]
[Email]
[Phone]