UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGELIO BOLUFE IZQUIERDO
and HAYMEL DE LA VEGA,

    Plaintiffs,

v.                                    Case No.  2:25-cv-1220-KCD-NPM

CORECIVIC, INC., TORRANCE
COUNTY DETENTION CENTER,
TORRANCE COUNTY,
ALLIGATOR ALCATRAZ, and
JOHN/JANE DOES 1-50,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Rogelio Bolufe Izquierdo's civil rights complaint in which he generally alleges that he has been denied access to the courts and subjected to unconstitutional conditions while housed at the Florida Soft Side South facility in Ochopee, Florida (Alligator Alcatraz) and at the Torrence County Detention Center in New Mexico where he is currently held. (Doc. 1.) Another individual, Haymel de la Vega, filed the complaint on Mr. Izquierda's behalf as his "next friend." (*Id.* at 1.) Ms. De la Vega has also filed a motion for temporary restraining order and preliminary injunction and an "Emergency Motion for Access to Courts, Preservation of Evidence, and Temporary Next Friend Standing." (Doc. 7; Doc. 8.)

Federal law authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Put simply, an individual who is not a licensed attorney may not represent the legal interests of another person in federal court.[1] For that reason, the complaint must be dismissed without prejudice for lack of standing. *See Grappel v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (explaining that to the extent the plaintiff, a non-attorney, sought to represent the legal interests of her son, the district court should have dismissed those claims without prejudice*); see also FuQua v. Massey*, 615 F. App'x 611, 612-13 (11th Cir. 2015) (affirming dismissal because a non-attorney parent cannot represent a minor child in a federal court action).

Plaintiff also seeks injunctive relief—in the form of a temporary restraining order—against officers at the Torrence County Detention Center in New Mexico. Specifically, he asks the Court to enjoin officers at the Center from interfering with his legal mail. (Doc. 7 at 3.) A court does not have the power to order injunctive relief against a person over whom it has not acquired in personam jurisdiction. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395

---

[1] The Federal Rules of Civil Procedure permit "an incompetent person who does not have a duly appointed representative" to "sue by a next friend." Fed. R. Civ. P. 17(c)(2). But "next friend" capacity does not authorize a non-lawyer to appear *pro se* on another person's behalf. *See Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (explaining that Rule 17(c) does not permit a non-lawyer to represent another person in federal court). If Ms. De la Vega wishes to file a complaint as Mr. Izquierdo's "next friend" under Rule 17(c)(2), then she must do so through a lawyer.

U.S. 100, 111-112 (1969); *Chase National Bank v. City of Norwalk*, 291 U.S. 431, 436-437 (1934). And since there is no pending complaint, the Court does not have jurisdiction over any officer at the New Mexico facility. Moreover, because Plaintiff seeks injunctive relief against only New Mexico defendants,[2] his claims of interference with his legal mail are more appropriately addressed through a civil complaint filed in a New Mexico district court.[3]

Accordingly, it is **ORDERED:**

1. Plaintiff's civil rights complaint is **DISMISSED** without prejudice.

2. The Clerk of Court is **DIRECTED** to **DENY** any pending motions as moot and close this case.

3. The Clerk is also **DIRECTED** to provide Plaintiff a blank 28 U.S.C. § 2254 civil rights complaint form and a copy of the Court's *Guide for Proceeding without a Lawyer*.

**ENTERED** in Fort Myers, Florida on December 30, 2025.

Kyle C. Dudek
United States District Judge

Encl: Forms

---

[2] Plaintiff has been transferred from Alligator Alcatraz. Thus, any claims for injunctive relief against officers at that facility are moot. *See McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984).

[3] Plaintiff may, of course, file a separate civil rights action in this Court seeking damages for past unconstitutional conduct at Alligator Alcatraz.